UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GENNIE LAVEY,                                              :
                                                           :
                Plaintiff,                 :
                                                           :   **REPORT AND RECOMMENDATION**
    -against-                                             :   17 Civ. 6782 (LDH) (VMS)
                                                           :
NANCY A. BERRYHILL,                                        :
                                                           :
                Defendant.                 :
                                                           :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

In this Social Security Act case, the Honorable LaShann DeArcy Hall, United States District Judge, referred Plaintiff Gennie Lavey's ("Plaintiff") motion for attorney's fees under 42 U.S.C. § 406(b)(1) for a report and recommendation. See ECF No. 26; Dkt. Entry 10/20/2020. For the reasons stated below, I respectfully recommend that Plaintiff's motion be granted.

**I. Factual Background**

    **a. The Social Security Administration Denied Plaintiff's Benefits Application And Plaintiff Retained Counsel In This Action**

On or about October 1, 2013, Plaintiff filed an application with the Social Security Administration ("SSA") for disability and disability insurance benefits under Title II of the Social Security Act in connection with a disability that began on September 9, 2013. See ECF No. 7 at Exh. 1D. In December 2013, the application was denied. See id., Exhs. 1A-1B.

Plaintiff then retained an attorney and requested further proceedings. See id., Exhs. 2B-5B. The request was granted, and an Administrative Law Judge ("ALJ") held hearings and took testimony and evidence. See id., passim. On June 23, 2016, the ALJ denied Plaintiff's application. See id. at 16-34.

Plaintiff then retained another attorney and requested that the SSA's Appeals Council

("AC") review the ALJ's denial of Plaintiff's application. See id. at 7-13. On September 18, 2017, the SSA's AC denied Plaintiff's request. See id. at 1-6.

Shortly thereafter, Plaintiff consulted with Christopher James Bowes, Esq., and on October 23, 2017, Plaintiff retained him to represent her in this action. See Exh. A, ECF No. 27 at 12-13; Exh. B, ECF No. 27 at 14-15.[1] In relevant part, Plaintiff's retainer agreement provides:

> If the Court does not award benefits but instead remands this case to the SSA for additional administrative proceedings which result in the award of past due disability benefits by . . . the [ALJ], [Plaintiff] agree[s] to pay Mr. Bowes a sum equivalent to one-quarter [i.e., 25%] of all past due benefits at the time of the award as compensation for his legal services. [Plaintiff] further understand[s] that if attorney fees are awarded pursuant to the Equal Access to Justice Act, those fees will offset [Plaintiff's] fee obligations under this retainer agreement.

Id.

### b. The Court Remanded Plaintiff's Case For Further Administrative Proceedings

Plaintiff filed this action against Defendant Nancy A. Berryhill, then-Acting Commissioner of the SSA ("Defendant"), seeking review of the SSA's denial of Plaintiff's application for benefits. See ECF Nos. 1, 7. The parties cross-moved for judgment on the pleadings. See ECF Nos. 14-18.

The District Court granted in part and denied in part Plaintiff's motion for judgment on the pleadings and remanded Plaintiff's case to the SSA for additional administrative proceedings. See ECF No. 14; Dkt. Entry 12/13/2018; ECF No. 21. The Court denied Defendant's cross-

---

[1] Plaintiff's Exhibit A (Plaintiff and Mr. Bowes's retainer agreement), Exhibit B (Mr. Bowes's time records for work performed on this case), and Exhibit C (the NOA "Notice of Award" dated August 30, 2020) are annexed to a declaration submitted by Mr. Bowes in support of the instant motion, and this Court will hereinafter cite to them without reference to that declaration. See Bowes Decl., ECF No. 27 at 1-11; Exh. A, ECF No. 12-13; Exh. B, ECF No. 14-15; Exh. C, ECF No. 27 at 16-23.

2

motion for judgment on the pleadings. See ECF No. 16.

By Stipulation and Order dated April 12, 2019, the Court awarded Plaintiff $7,648.26 for attorney's fees and expenses, plus $400.00 in costs, in full satisfaction of any claim under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See ECF No. 25. Pursuant to the Stipulation and Order, Defendant was directed to pay the $7,648.26 EAJA attorney's fee award directly to Mr. Bowes upon Plaintiff's agreement.[2]

### c. Plaintiff Obtained A Fully Favorable Decision On Remand

On or about April 3, 2020, after further proceedings on remand, an ALJ rendered a fully favorable decision for Plaintiff on her October 2013 benefits application, finding her disabled as of September 9, 2013. See Bowes Decl. ¶ 14.

On August 30, 2020, the SSA issued a Notice of Award ("NOA") from the ALJ's April 2020 decision pertaining to Plaintiff's past due benefits for the period March 2014 through July 2020. See Exh. C. For the purposes of calculating Plaintiff's past due benefits from March 2014 through July 2020, the NOA included applicable monthly benefit amounts for various subperiods as follows:

| Subperiod | Monthly Benefit Amount |
|---|---|
| March 2014 through November 2014 | $1,655 |
| December 2014 through November 2015 | $1,684 |
| December 2015 through November 2016 | $1,684 |
| December 2016 through November 2017 | $1,689 |
| December 2017 through November 2018 | $1,722 |
| December 2018 through November 2019 | $1,770 |
| December 2019 through July 2020 | $1,799 |

See id. Mr. Bowes received the NOA on September 2, 2020. See Bowes Decl. ¶ 17.

---

[2] Plaintiff's instant motion implies that the $7,648.26 EAJA attorney's fees award has been paid to Mr. Bowes because it agrees that amount would be credited against any attorney's fees award the Court grants pursuant to Section 406(b). See ECF No. 26. This Court's recommendations to the District Judge account for that offset. See Sections III.d & IV, infra.

### d. Plaintiff's Motion For Attorney's Fees Pursuant To Section 406(b)

Plaintiff now moves unopposed, pursuant to Section 406(b) of the Social Security Act, for attorney's fees for Mr. Bowes's representation in this federal action. See ECF No. 26-28.

## II.     Relevant Law

In relevant part, the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter, who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% percent of the total of past-due benefits to which the claimant is entitled[.]

42 U.S.C. § 406(b)(1)(A). This fee cap "applies only to fees for court representation, and not to . . . aggregate fees awarded" elsewhere in the Act, such as fees for administrative representation. Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019); see Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002) ("For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or a fee agreement[]" pursuant to 42 U.S.C. § 406(a).). "[T]he district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted); see Gisbrecht, 535 U.S. at 807-08 ("[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."); id. at 808 (holding that courts testing for reasonableness "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved"); Blizzard v. Astrue, 496 F. Supp. 2d 320, 322 (S.D.N.Y. July 20, 2007). Courts first consider whether a contingency attorney's fee pursuant to Section 406(b) exceeds the twenty-five percent statutory cap of the claimant's total past-due benefits and

4

whether it is free from fraud or overreaching by the attorney. See Wells, 907 F.2d at 372. Further, courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representation achieved." Gisbrecht, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. The reasonableness inquiry also asks whether the requested fee is "large in comparison to the amount of time counsel spent on the case," id., known as the "windfall factor," Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005). When determining when an award would result in a windfall to counsel, courts should consider:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Porter v. Comm'r of Soc. Sec., No. 06 Civ. 1150 (GHL), 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting Rowell v. Astrue, No. 05 Civ. 1592 (CBA) (JMA), 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). Although the "lodestar" analysis, by which the number of hours reasonably devoted to a case is multiplied by a reasonable hourly fee, is not dispositive of whether fees requested in connection with a Section 406(b) application are unreasonably large in comparison to the amount of time counsel spent on a case, a court may require a claimant's attorney to submit "a record of the hours spent representing the claimant and a statement of the lawyer's normal billing charge for noncontingent cases" to serve "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." Gisbrecht, 535 U.S. at 799-08. A reasonable fee also takes into consideration the heightened risk associated with contingency agreements, where payment is "inevitably uncertain." Nieves v. Colvin, No. 13

5

Civ. 1439 (WHP) (GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017) (quoting Wells, 907 F.2d at 371).

Courts have, in recent decisions, reached divergent outcomes in their consideration of counsels' lodestars as a nondispositive aid in assessing the reasonableness of attorney's fee awards requested pursuant to Section 406(b).  On the one hand, courts have found reasonable and approved contingency fee awards that exceeded—at times by a significant multiplier—what counsel lodestars would have been for their work representing the plaintiff in court.  See Muniz v. Astrue, No. 09 Civ. 3954 (ARR), 2011 WL 5563506 at *4 (E.D.N.Y. Nov. 15, 2011) (collecting cases where courts approved contingency fee attorney's fee awards that provided high net hourly rates including $719.09 and $891.61); Blizzard, 496 F. Supp. 2d at 325 (finding counsel's net $705 hourly rate under contingency arrangement reasonable and that this conclusion did not depend upon what specific multiplier of counsel's actual billing rate the net rate represented).  On the other hand, "[t]he trend in this District [has moved] decidedly away from approving awards [in social security cases] that richly benefit plaintiffs' counsel at the expense of their often-vulnerable clients."  Whichard v. Colvin, No. 16 Civ. 6260 (LDH) (RLM), 2020 WL 6370238, at *4 (Jan. 24, 2020), report & recommendation adopted by Whichard v. Colvin, 2020 WL 5810100, at *3 (E.D.N.Y. Sept. 30, 2020) (denying fees motion in part to reduce requested award so that counsel's net hourly rate became $650 instead of $883.21); Mohammed v. Comm'r of Soc. Sec., No. 17 Civ. 4892 (WFK) (RML), 2020 WL 5640398, at *2 (E.D.N.Y. Sept. 22, 2020) (adopting magistrate judge's report and recommendation to deny fees motion in part to reduce requested award so that counsel's net hourly rate became $500 instead of $988.14); Tamburri v. Saul, No. 16 Civ. 5784 (PKC), 2019 WL 6118005, at *3 (E.D.N.Y. Nov. 18, 2019) (denying fees motion in part to reduce requested award and collecting cases

6

finding de facto $500 hourly rates for counsel in social security cases to be unreasonable); Heffernan v. Astrue, 87 F. Supp. 3d 351, 355 (E.D.N.Y. 2015) (denying fees motion in part to reduce requested award so that counsel's net hourly rate lowered); Devenish v. Astrue, 85 F. Supp. 3d 634, 639 (E.D.N.Y. 2015) (same).

### III.  Discussion

#### a. The Attorney's Fee Requested By Plaintiff's Motion Must Be Modified To $31,169.75 To Conform To The Retainer Agreement

In her motion, Plaintiff requests $31,619.50 in attorney's fees by using March 2014 through April 2020 as the relevant period for calculation.  This Court agrees with Plaintiff's view that the relevant period for calculation begins in March 2014 because her entitlement to benefits began that month.  See Bowes Decl. ¶¶ 14-16; Exh. C at 17.  Yet this Court disagrees that the relevant period for calculating attorney's fees includes April 2020.  See id.  Plaintiff argues that the period should include April 2020 because that was the month of the ALJ's decision in her favor, but the retainer agreement states that "[i]f the Court does not award benefits but instead remands the case to the SSA for additional administrative proceedings which result in the award of past due disability benefits by . . . the [ALJ], [Plaintiff] agree[s] to pay Mr. Bowes a sum equivalent to one-quarter [i.e. 25%] of all past due benefits at the time of the award[.]"  Exh. A.  Given that the August 2020 NOA submitted in support of the instant motion states that the SSA pays "benefits for a given month the next month," Exh. C at 17, this Court finds that Plaintiff's past due benefits as of April 3, 2020 (the date of the ALJ decision), were through March 2020 only and did not yet include April 2020, see Bowes Decl. ¶¶ 14-15.[3]

---

[3] Given that Plaintiff's instant motion does not ask the Court to calculate the Section 406(b) attorney's fees award from the period March 2014 through July 2020 (using the SSA's issuance of the NOA dated August 30, 2020, as a relevant date), the Court does not reach that question. See Exh. C.

7

Using March 2014 through March 2020 as the relevant period, this Court finds Plaintiff's past due benefits as of the ALJ's April 2020 decision to be $124,679. It calculated this number using the applicable monthly benefit amounts for various subperiods comprising the overall March 2014 through March 2020 period as follows:

| Subperiod | Monthly Benefit | Subperiod Months | Past Due Benefits |
|---|---|---|---|
| March 2014 - November 2014 | $1,655 | 9 | $14,895 |
| December 2014 - November 2015 | $1,684 | 12 | $20,208 |
| December 2015 - November 2016 | $1,684 | 12 | $20,208 |
| December 2016 - November 2017 | $1,689 | 12 | $20,268 |
| December 2017 - November 2018 | $1,722 | 12 | $20,664 |
| December 2018 - November 2019 | $1,770 | 12 | $21,240 |
| December 2019 - March 2020 | $1,799 | 4 | $7,196 |
| **Total Past Due Benefits, March 2014 - March 2020** | | | **$124,679** |

See Exh. C at 17. This Court notes that the difference between its calculation and Plaintiff's is equivalent to the amount of the April 2020 benefit: $1,799. See Bowes Decl. ¶ 16; Exh. C at 17.[4]

Twenty-five percent the total amount of Plaintiff's past due benefits for the period between March 2014 and March 2020 is $31,169.75 ($124,679 * 0.25). An attorney's fees award in the amount of $31,169.75 would conform to Plaintiff's retainer agreement with Mr.

---

[4] This Court notes that Plaintiff's own calculation chart titles its final five-month subperiod "Dec. 2019 – Mar. 2020," but this is a typographical error given that December 2019 through March 2020 period is four months, and that Plaintiff's calculations and other submissions make plain that her numbers are for five months based through April 2020. See Bowes Decl. ¶¶ 15-16.

8

Bowes and fall within Section 406(b)(1)(A)'s statutory cap. See 42 U.S.C. § 406(b)(1)(A); Exh. A; Bowes Decl. ¶¶ 15-16. This Court notes that this is a $449.75 reduction of the attorney's fees requested by Plaintiff's instant motion. See ECF No. 26.

In light of this Court's findings, the analysis below will treat $31,169.75 as the Section 406(b) attorney's fees award at issue on Plaintiff's instant motion.

### b. Several Factors Weigh In Favor Of A Finding That An Attorney's Fees Award Would Be Reasonable

This Court next finds the following considerations favorable to Plaintiff's motion for an attorney's fees award pursuant to Section 406(b). First, there is nothing in the record to suggest fraud or overreaching by counsel. See 42 U.S.C. § 406(b)(1)(A); Exh. A; Rodriguez v. Colvin, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) (finding fees within twenty-five percent limit imposed by statute); Heffernan, 87 F. Supp. 3d at 355 ("[T]here are no allegations of fraud or overreaching with respect to the retainer agreement."). Second, the $31,169.75 attorney's fee award at issue is not out of line with the "character of the representation and the results obtained by the representation." Indeed, Mr. Bowes successfully obtained a remand order for Plaintiff that led to a fully favorable decision after Plaintiff's first and second attorneys had been unable to gain SSA approval of her benefits application. Compare ECF No. 7 at 16-34; id. at 1-6 with Dkt. Entry 12/13/2018; ECF No. 21; ECF No. 27 ¶¶ 13-15; Exh. C; see Baron v. Astrue, 311 F. Supp. 3d 633, 636 (S.D.N.Y. 2018) ("The briefing was effective in prompting the remand and achieved the greatest possible success for the claimant. Thus, the award is in line with the character and results of the representation."). Further, in achieving a remand, Mr. Bowes did not "unreasonably delay[] the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee." Joslyn, 389 F. Supp. 2d at 456. Mr. Bowes filed Plaintiff's federal action less than one month after he was retained, compare Exh. A with ECF No. 1, then

9

Mr. Bowes expeditiously litigated subsequent stages of the case without requesting any deadline extensions, see ECF Nos. 7, 9, 10; Dkt. Entry 7/13/2018; Dkt. Entry 12/13/2018; ECF No. 21; ECF No. 27 ¶¶ 13-15; Blizzard, 496 F. Supp. 2d at 322; see ECF No. 10; Dkt. Entry 7/13/2018. As a result, Mr. Bowes obtained Plaintiff's remand order just over one year from the federal action's filing.  See ECF Dkt. 12/13/2018; No. 21; ECF No. 27 ¶¶ 13-15; Exh. C.

### c. The Windfall Factor Does Not Require The Court To Reduce Plaintiff's Attorney's Fee Award Below $31,369.75

This Court does not find an award of $31,169.75 in attorney's fees would be a windfall. See Section III.a.  For example, Mr. Bowes obtained a particularly successful result for Plaintiff in the form of the remand order, which in turn enabled the fully favorable ALJ decision in April 2020 after seven years of the SSA's denial of Planitiff's claim.  See Blizzard, 496 F. Supp. 2d at 323 (finding counsel's result particularly successful because it achieved an award of benefits after the plaintiff's application had been denied multiple times at the agency level); Joslyn, 389 F. Supp. 2d at 457 (finding counsel's efforts "clearly successful" when they resulted in a benefit award for plaintiff wrongly denied for seventeen years).  Mr. Bowes cannot be said to have relied on boilerplate documents, either, particularly with respect to Plaintiff's motion for judgment on the pleadings, which was tailored to facts and arguments specific to the instant action.  See, e.g., ECF Nos. 1, 15, 18; Blizzard, 496 F. Supp. 2d at 325 (finding briefing "on point, effective, and achieved the greatest possible result for the claimant"); Joslyn, 389 F. Supp. 2d at 457 (finding counsel clearly applied his skills by, among other things, compiling and presenting a legal and factual record supportive of plaintiff's case theory).

A slightly closer question is whether $31,169.75 in attorney's fees is "large in comparison to the amount of time [Mr. Bowes] spent on the case[.]"  Gisbrecht, 535 U.S. at 808. In this regard, a nondispositive aid to this Court's assessment of the fee's reasonableness may

10

include Mr. Bowes's time records showing that he spent 37.3 hours working on Plaintiff's case and that he bills $450.00 per hour on non-contingency matters. See ECF No. 27 ¶¶ 21, 27, 35; Exh. B; Gisbrecht, 535 U.S. at 808; Maier v. Apfel, No. 95 Civ. 9264 (JGK), 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) (noting that a plaintiff's counsel "should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same work").[5] In effect, this means that had Plaintiff retained Mr. Bowes on a non-contingency basis, his work for her on this case would have resulted in $16,785.00 in fees. As a result, a $31,169.75 attorney's fees award pursuant to Section 406(b) would constitute a 1.85 multiplier of what Plaintiff would have paid Mr. Bowes pursuant to a hypothetical non-contingency retainer.[6] This Court does not find that to be unreasonable given Plaintiff's retainer with Mr. Bowes did not guarantee that Mr. Bowes would receive his normal hourly billing charge for time spent working on Plaintiff's case. To the contrary, the retainer required Mr. Bowes to run the risk of nonpayment in the event Plaintiff did not prevail in exchange for Plaintiff's payment of a contingency fee under terms that Plaintiff found fair and agreed to and pursuant to which, as noted supra, Mr. Bowes efficiently achieved particular success for Plaintiff. See Wells, 907 F.2d at 371 (finding that deference appropriate for the "freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment"). On such

---

[5] Although this Court does not need to find Mr. Bowes's claim regarding his non-contingency rate reasonable as a matter of law on this analysis given the non-dispositive role of the lodestar method, it is at least credible in light of his representation that he has over twenty-five years' experience litigating Social Security disability cases at the administrative level (representing over 2,000 claimants) and in federal court (representing over 900 claimants). See Bowes Decl. ¶¶ 33-35.

[6] Stated differently, a $31,169.75 attorney's fees award would, when divided by the 37.3 hours Mr. Bowes spent on Plaintiff's federal action, amount to a net effective $835.65 hourly rate.

11

facts and in this context, this Court finds that the contingency enhancement leading to a $31,169.75 attorney's fees award pursuant to Section 406(b) is not so large to be unreasonable.

In particular, it reflects the judicial deference for retainer agreements such as the one between Plaintiff and Mr. Bowes and the goals it promotes, i.e., the need to incentivize "able attorneys to practice in the social security field," allow claimants "to pay more than a particular hourly rate to secure effective representation," and encourage attorneys "to take the case despite the risk of nonpayment." Wells, 907 F.2d at 371 (citing McKittrick v. Gardner, 378 F.2d 872 (4th Cir. 1967), for the proposition that contingency enhancement is of highest importance under § 406(b) in availability of adequate representation); Baron, 311 F. Supp. 3d at 637 (approving counsel's requested $57,754.80 fee for 81.7 hours worked as reasonable, which resulted in an effective net hourly rate of $706.91); Rodriguez, 318 F. Supp. 3d at 658 (approving Mr. Bowes's motion for contingent attorney's fees of $18,981.50 as reasonable where, given the 25.7 hours of time he worked, it effectively represented a net hourly rate of $738.58); Joslyn, 389 F. Supp. 2d at 457 (finding that the risk assumed by counsel that he would receive no compensation in contingency arrangement supporting the requested fee's reasonableness). Although, as noted above, some courts have recently treated such contingency enhancements more critically on the individual records before them, this Court finds that binding precedent at the Supreme Court and Second Circuit levels do not require reductions in every instance and a varied range of independently determined Section 406(b)(1) fee awards will, on average, promote policies in favor of contingency retainers.

### d. Plaintiff's $7,648.26 EAJA Attorney's Fees Award Must Be Offset Against Attorney's Fees Awarded Pursuant To Section 406(b)

Courts have directed parties to treat the prior payment of EAJA attorney's fees awards as an offset against Section 406(b) attorney's fees awards. See, e.g., Whichard, 2020 WL 5810100,

12

at *3; Baron, 311 F. Supp. 3d at 638; Silliman v. Barnhart, 421 F. Supp. 2d 625, 626 (W.D.N.Y. 2006). As a practical matter, "[t]he net result of these payments, to and fro, is that plaintiff must make payment" to counsel in an amount that reflects the approved Section 406(b) fee with the EAJA award subtracted from it. Silliman, 421 F. Supp. 2d at 626-27. This Court thus agrees with Plaintiff that the $7,648.26 EAJA attorney's fees award previously granted should be an offset against any Section 406(b) attorney's fees award granted on the instant motion and respectfully recommends that the District Judge's Order include that instruction.

### IV. Conclusion

For the reasons stated above, I respectfully recommend that the District Judge grant Plaintiff's Section 406(b) motion for attorney's fees in the modified amount of $31,169.75. See ECF No. 26; Sections III.a-c. I further recommend that the District Judge's Order indicate that the previously granted $7,648.26 EAJA attorney's fees award must be offset against that amount so that the net amount of attorney's fees paid to Mr. Bowes for his work on this federal case may not exceed $31,169.75. See Section III.d.

### V. Objections

A copy of this report and recommendation is being provided to the Parties via ECF. Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district

court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated:  Brooklyn, New York
        February 3, 2021

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge
